## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | Case No. 14-20096-JAR |
| VICENCIO OLEA-MONAREZ, OMAR FRANCISCO ORDUNO-RAMIREZ, HECTOR JAVIER VALDEZ, AND HERBERT LEE SAYSOFF, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Defendants Vicencio Olea-Monarez, Omar Francisco Orduno-Ramirez, Hector Havier

Valdez, and Herbert Lee Saysoff are charged in a thirty-one count Superseding Indictment (Doc.

47) with conspiracy to distribute and possess with intent to distribute methamphetamine from

October 2013 to September 5, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

Defendant Olea-Monarez is charged in twenty-one additional counts, including conspiracy to

possess with intent to distribute marijuana plants from May 2014 to September 4, 2014, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii).  Defendant Saysoff is charged in Count

Sixteen with knowingly and intentionally possessing with intent to distribute methamphetamine

on August 14, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).  The case is set

for a jury trial beginning April 20, 2016.  On April 8, 2016, the Court held a hearing on

Defendant Saysoff's Motion for *James* Hearing (Doc. 156) and several motions *in limine* filed by

the Government and Defendants.  At that hearing, the Court ruled on most of the motions and

took some under advisement.

For the reasons stated on the record at the April 8 hearing and supplemented by this Order, the Court rules as follows:

## I.     Defendant Saysoff's Motion for *James* Hearing (Doc. 156)

Defendant Saysoff seeks a *James* hearing to determine the admissibility of co-conspirator statements that the Government intends to present at trial.  Saysoff is joined in his motion by Defendants Olea-Monarez, Orduno-Ramirez, and Valdez.  Under Federal Rule of Evidence 801(d)(2)(E), "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."[1]  Before admitting statements pursuant to Rule 801(d)(2)(E), the court must determine by a preponderance of the evidence that a conspiracy existed, that the defendant and declarant were both members of the conspiracy, and that the statements were made in furtherance of the conspiracy.[2]  "[A] district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'"[3]  Because of the concern for undue prejudice in the event that a court provisionally admits coconspirator statements and evidence of a predicate conspiracy is not forthcoming, the Tenth Circuit has expressed a strong preference for holding a *James* hearing before admitting coconspirator evidence.[4]

The Court initially heard argument on Defendant Saysoff's motion at a hearing on February 10, 2016.  The Court explained that it needed to hear a proffer by the Government as to

---

[1] Fed. R. Evid. 801(d)(2)(E).

[2] *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (quoting *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994)).

[3] *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting *Owens*, 70 F.3d at 1123).

[4] *Urena*, 27 F.3d at 1490–91; *Townley*, 472 F.3d at 1273.

its order of proof at trial to determine the necessity of a *James* hearing.  The Court took the

matter under advisement pending the Government's proffer at a later hearing.  At the hearing on

April 8, 2016, the Government made a proffer as to its order of proof.  The Government

explained that it intends to present evidence of controlled buys involving Defendant Olea-

Monarez, followed by evidence of the Title III wiretap phase of the investigation, which

implicates all four Defendants.

   Concerning evidence of the controlled buy phase of the investigation, the Government

will present evidence as to the existence of the conspiracy and Olea-Monarez's involvement in

the conspiracy before admitting body wire and recorded phone call communications.  Thus, the

existence of the conspiracy and Olea-Monarez's involvement in the conspiracy will be

established before any co-conspirator statements are admitted against him.  The evidence

concerning controlled buys relates only to Olea-Monarez, and not to the other Defendants.

   As for the Title III wiretap communications, this evidence implicates each of the four

Defendants.  The Government explained at the April 8 hearing that it intends to present evidence

identifying Defendants Orduno-Ramirez and Valdez as members of the conspiracy before

admitting statements by co-conspirators against them.  Based on the Government's proffer of its

order of proof, the Court is satisfied that proof of the existence of a conspiracy and the

involvement of Defendants in the conspiracy will be established before co-conspirator statements

are admitted against them.[5]  Therefore, the Court finds that a *James* hearing is not necessary and

denies Defendant Saysoff's motion.  However, this finding is subject to any contemporaneous

ruling that the Court makes at trial concerning admissibility of co-conspirator statements.

---

[5]The Court heard evidence concerning Defendant Saysoff's involvement in the conspiracy at a separate
motion to suppress hearing on April 8, 2016.  Based on this evidence, the Court is satisfied that the evidence of
Saysoff's involvement in the conspiracy will be offered before any co-conspirator statements are admitted against
him.

**II.    Motions *in Limine***

    **a.    Government's Motion *in Limine* Regarding Evidence Intrinsic to Charged Conspiracies (Doc. 155)**

The Government seeks to introduce evidence concerning acts by Defendants Orduno-Ramirez and Valdez that were in furtherance of the marijuana conspiracy charged in Count Two of the Superseding Indictment.  The Government also seeks to introduce evidence that these two Defendants were involved in a conspiracy with co-Defendant Olea-Monarez to smuggle illegal aliens to the United States in furtherance of the conspiracies charged in Counts One and Two. This motion is granted.  The Government may present evidence concerning Defendants' involvement this conduct.

    **b.    Government's Motion *in Limine* and Notice of Intent to Present FRE 902 Evidence (Doc. 241)**

The Government seeks to admit certain business records pursuant to Federal Rule of Evidence 902(11), including (1) business records of Sprint related to subscriber information for telephone number 913-908-4755 (Target Telephone #8); (2) buseiness records of MetroPCS related to subscriber information for telephone number 602-546-8757; and (3) business records of the Kansas Department of Revenue related to registration information on a 2011 white Honda Odyssey minivan with tag number 422GVH.  This motion is granted.

    **c.    Defendant Orduno-Ramirez's Motion *in Limine* Regarding Agent Testimony (Doc. 242)**

Defendant Orduno-Ramirez moves to limit the testimony of Special Agent Tim Swanson and other law enforcement witnesses pursuant to Federal Rule of Evidence 701.  First, Orduno-Ramirez seeks to limit overview testimony of Agent Swanson to how the investigation began, the law enforcement agencies involved, the techniques used, and the general sequence of events in the investigation.  Orduno-Ramirez seeks a limiting instruction to the jury that such overview

testimony should not be considered as substantive evidence of his guilt.  Second, Orduno-

Ramirez argues that Agent Swanson should not be permitted to testify concerning whether or not

Orduno-Ramirez knew that drugs or drug proceeds were transported during trips between

Phoenix, Arizona, and Kansas City, Kansas.  Finally, Orduno-Ramirez argues that agents should

not be permitted to testify concerning whether drug couriers in general have knowledge of

transported drugs or drug proceeds.  Orduno-Ramirez is joined in this motion by Defendants

Olea-Monarez, Saysoff, and Valdez.

The motion is granted.  The Tenth Circuit has explained that overview testimony is

generally admissible "to the extent it concerns how an investigation began, the law enforcement

agencies involved, or the investigative techniques used."[6]  Thus, the Government may present

overview testimony limited to the topics listed above.  Such testimony should be limited to a

high level of generality, and the witness providing overview testimony should not use names,

except where necessary to explain the progression of the investigation.[7]  To the extent names are

mentioned during the course of overview testimony, the Court will provide "a limiting

instruction that such explanations are not substantive evidence of an individual's guilt or

involvement in a conspiracy but only background information to understand why the government

did what it did."[8]  Further, the Government may elicit testimony concerning the general

employment of drug couriers by drug trafficking organizations, modes of operation of drug

couriers, and the general circumstances of drug shipments, such as where drugs were located and

the quantities of drugs transported.  The Government may not, however, present opinion

---

[6]*United States v. Brooks*, 736 F.3d 921, 930 (10th Cir. 2013).

[7]*Id.* at 934.

[8]*Id.*

testimony as to the states of mind of drug couriers generally or that of Defendant Orduno-Ramirez concerning his knowledge of particular drug shipments.[9]

### d. Defendant Saysoff's Motion *in Limine* Regarding Opinion Testimony of Law Enforcement (Doc. 247)

Defendant Saysoff was joined in this motion by Defendant Orduno-Ramirez.  Both Defendants Saysoff and Orduno-Ramirez have entered pleas of guilty.[10]  Thus, the motion is moot.

### e. Government's Motion *in Limine* Regarding Stipulations (Doc. 245)

The motion is granted.  The parties stipulate to the following:

1) Curricula vitae of forensic chemists—the parties stipulate to the admission of curricula vitae of chemists the Government will call as witnesses.

2) Laboratory reports—the parties stipulate to admitting lab reports through the seizing officer of the drugs related to the reports.

3) Chain of custody—Defendants do not object to the chain of custody of drugs to be admitted.

4) Transcripts prepared by Sara Gardner—the parties stipulate to the accuracy of these transcripts, but do not stipulate to the headers that identify the speaker in the conversation or to the relevance of the transcripts.

5) Pole camera evidence—the parties stipulate to the technical aspects of the pole camera videos admitted into evidence (i.e. that the camera equipment was working on the date in question, and that date and times embedded in the videos are accurate).

---

[9]*See Id.* at 930 (explaining that overview testimony is susceptible to abuse because "[i]t can stray into matters that are reserved for the jury, such as opinions about a defendant's guilt or a witness's credibility").

[10]Docs. 276 and 278.

6) Physical surveillance—the parties agree that although several investigators were typically involved in a given surveillance event, one officer can testify to all the events in a surveillance report.  An exception to this agreement is a surveillance event in July 2014 related to Defendant Orduno-Ramirez.  Multiple agents will testify to this surveillance.

7) Superseding indictment—Count 28 of the superseding indictment charges Defendant Olea-Monarez with possession of a Liberty .357 revolver in furtherance of a drug trafficking crime.  The Government represents that the correct name of the firearm manufacturer is Aldo Uberti.  The parties agree that the manufacturer may be amended to its correct name in the jury instructions.

8) Letter by Defendant Orduno-Ramirez—the Government intends to present evidence of a letter Orduno-Ramirez wrote stating that he owned the Honda Odyssey that he was pulled over in on July 28, 2014.  An officer in Phoenix delivered and discussed the letter with Orduno-Ramirez, who agreed to having sent and initialed the letter.  The parties agree that the Government may admit evidence of the letter without requiring the officer to testify.

   f.    **Government's Motion *in Limine* Regarding Internal Policies of the United States Attorney's Office (Doc. 246)**

The motion is granted in part and denied in part.  Defendants may cross examine cooperating witnesses regarding offers that the Government has made to them, what benefits they believe they will receive for testifying, and what their understandings are as to policies of the United States Attorney's Office regarding cooperating witnesses.  Defendants may not cross examine witnesses on the internal policies themselves.

**g.** **Defendant Saysoff's Motion *in Limine* to Exclude Evidence of Prior Convictions (Doc. 254)**

The motion is moot.  As stated above, Defendant Saysoff has entered a plea of guilty.

**IT IS SO ORDERED.**

Dated: April 15, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE