**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**VICENCIO OLEA-MONAREZ,**

**Defendant.**

**Case No. 14-CR-20096-JAR-01**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Vicencio Olea-Monarez's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 798).[1] The Government opposes the motion.[2] As described more fully below, the Court denies Defendant's motion for compassionate release.

## I. Background

On October 22, 2014, Defendant and nine co-defendants were charged in a Superseding Indictment with criminal offenses including conspiracy to possess with intent to distribute more than 50 grams of methamphetamine (Count 1); conspiracy to possess with intent to distribute more than 1,000 marijuana plants (Count 2); distribution and possession with intent to distribute methamphetamine (Counts 3, 5–9, 12, 15, 18-19, 21, 23–24); possession with intent to distribute cocaine (Count 27); maintaining a residence for the purpose of storing, using and distributing methamphetamine and cocaine (Counts 22, 26, 29); and possessing a firearm in furtherance of a

[1] Defendant filed the motion for compassionate release *pro se*, but also filed a Supplement to Motion to Reduce Sentence (Doc. 695) by and through counsel, Assistant Federal Public Defender Kayla Gassman.

[2] Doc. 800.

drug trafficking crime (Counts 25, 28).[3] A jury convicted Defendant on all 21 counts with which he was charged.

This Court determined that Defendant's sentencing guideline range was life on most of the drug-related convictions. On November 2, 2016, this Court imposed a sentence of life, plus a consecutive sentence of 5 years on the first firearms conviction (Count 25) and a consecutive sentence of 25 years on the second firearms conviction (Count 28), for a controlling sentence of life plus a consecutive 30 years.[4]

The Court applied and calculated the sentencing guidelines as follows:

Base offense level 38
+ 2 levels for maintaining drug-involved premises
+ 2 levels for importation of methamphetamine
+ 4 levels for being an organizer or leader
+ 2 levels for obstruction for lying during his trial testimony

for an Adjusted Offense Level of 48. The sentencing guideline range for offense levels of 43 or higher is life in prison. The Court further sentenced Defendant to the mandatory minimum of 5 years on the first 924(c) count and 25 years on the second 924(c) count, with both counts running consecutive to all other counts. At the time the Court sentenced Defendant, the statutory mandatory sentence for the second 924(c) conviction was 25 years.

On direct appeal, the Tenth Circuit affirmed Defendant's convictions and sentences.[5] Defendant filed a § 2255 motion seeking to vacate his sentence.[6] After an evidentiary hearing,

[3] Doc. 47.

[4] Doc. 396.

[5] *United States v. Olea-Monarez*, 908 F.3d 636 (10th Cir. 2018).

[6] Doc. 666.

this Court denied the motion and denied a certificate of appealability.[7] Defendant filed a notice of appeal,[8] and the appeal is pending.

This is Defendant's second motion for compassionate release. The Court granted in part his first motion—reducing his sentence on Count 28 from 25 years to 5 years consecutive to all other counts and thus reducing his overall sentence from Life plus 30 years consecutive to Life plus 10 years consecutive.[9]

Defendant is currently incarcerated at Hazelton USP. He has no projected release date given his sentence of life. Defendant acknowledges that although he is a permanent resident of the United States, his offenses of conviction will likely result in his deportation if he is released.

## II. Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[10] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[11] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2)

---

[7] Doc. 749.

[8] Doc. 756.

[9] Doc. 794.

[10] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[11] Pub. L. No. 115-391, 132 Stat. 5194.

such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[13] If the Court grants the motion, however, it must address all three steps.[14]

**A. Exhaustion**

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[15] Here, the Government concedes that Defendant has properly exhausted his claims. The Court thus proceeds to the merits.

**B. Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[16] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[17] Before November 1, 2023, the Sentencing Commission had not issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[18] Thus, § 3582(c)(1)(A)'s consistency

---

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[13] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[14] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

[15] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[16] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[17] *Id.*

[18] *See id.*

requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[19]

On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[20] The policy statement lists grounds that constitute extraordinary and compelling circumstances and provides additional guidance for courts. The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence" where there has been a change in law.[21] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons."[22] Rather, the catch-all provision allows the Court to consider any circumstances which are similar "in gravity" to the listed categories.[23]

Defendant offers the following as extraordinary and compelling reasons for compassionate release in this case: (1) the Bureau of Prisons provides inadequate medical care, (2) Defendant's current facility is "at imminent risk" of a pandemic-related disease outbreak, (3) while not a victim of sexual or physical abuse, he is at risk of being sexually and physical abused, (4) his sentence is unusually long, (5) his conviction and sentence ran afoul of established Supreme Court precedent, (6) family circumstances require his immediate release, and (7) his sentence is unjust and unfair.

---

[19] *Id.* at 836–37.

[20] *United States v. Bradley*, 97 F.4th 1214, 1217 at n.1 (10th Cir. 2024).

[21] U.S.S.G. § 1B1.13(b).

[22] U.S. Sent. Comm'n, Supp. to Appx. C, Amendment 814, Reasons for Amendment, at 207.

[23] *Id.*; U.S.S.G. § 1B1.13(b)(5).

**1. Medical Care**

Section 1B1.13(b)(1) provides that extraordinary and compelling reasons exist where the defendant is suffering from a terminal illness, a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, such that the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which she is not expected to recover."[24] Likewise, extraordinary and compelling circumstances exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[25]

Defendant submits nothing demonstrating that he suffers from a terminal illness or serious medical condition as contemplated by the Guidelines. Similarly, he fails to provide any evidence that he is suffering from an illness that requires long-term or specialized care. On the contrary, his medical records indicate that his medical issues are minor, ranging from high cholesterol to a localized skin rash. The most concerning medical issue was a recent latent tuberculosis infection that was successfully treated. Defendant falls short of establishing an "extraordinary and compelling" medical concern that meets the criteria set forth in the Guidelines.

**2. Imminent Risk of Pandemic-Related Disease Outbreak**

Defendant asserts that he is susceptible to the imminent risk of another ongoing infectious disease outbreak or public health emergency and his pre-existing medical conditions

---

[24] U.S.S.G. § 1B1.13(b)(1)(B).

[25] *Id.* § 1B1.13(b)(1)(C).

subject him to an increased risk of suffering from severe complications or death. Section 1B1.13(b)(1)(D) of the Guidelines provides that extraordinary and compelling reasons exist in circumstances where a defendant can demonstrate that he is (i) housed at a correctional facility "affected or at imminent risk of being infected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority"; (ii) "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i)"; and (iii) these established risks cannot be adequately mitigated in a timely manner.[26]

Defendant's argument is rejected because there is no reported ongoing nor imminent outbreak of infectious disease at USP Hazelton. Further, there has not been a public health emergency declared by the appropriate authorities.

**3. Risk of Sexual and Physical Abuse**

Defendant claims that while he has yet to suffer any sexual or physical abuse while at USP Hazelton, he is at risk of being abused and must therefore be released. This argument is without merit.

Section 1B1.13(b)(4) of the Guidelines provides that extraordinary and compelling reasons exist where a defendant is a victim of abuse, in that

> The defendant, while in custody serving the term of imprisonment sought to be reduced was a victim of:
>
> > (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

[26] *Id.* § 1B1.1.13(b)(1)(D).

> > (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.[27]

Moreover, "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."[28]

Defendant admits that he is not a current victim as described under Section 1B1.13(b)(4); he simply believes that he could be a victim in the future. Defendant's conclusory and speculative assertions fail to establish an extraordinary and compelling reason for compassionate release.

**4. Unusually Long Sentence**

Defendant argues that his sentence is unusually long and that changes in the law have produced a gross disparity between the length of his current sentence and the sentence that would likely be imposed today. Section 1B1.13(b)(6) provides in relevant part that if a defendant received an unusually long sentence and has served at least 10 years, a change in the law may be considered in determining whether he presents extraordinary and compelling reasons, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. The Government concedes that Defendant has been incarcerated for more than ten years. But Defendant does not satisfy the other requirements.

---

[27] *Id.* § 1B1.13(b)(4).

[28] *Id.*

There has been no change in how the Guidelines calculate Defendant's base offense level of 38. He was held accountable for 86.18 kilograms of "ice" methamphetamine, far exceeding the current Guidelines benchmark that "ice" exceeding 4.5 kilograms results in a Level 38.[29] Nor has there been any change in the sentencing enhancements that Defendant received in this case. The only material change has been in the calculation of 924(c) convictions. But Defendant has already received the benefit of that change; this Court reduced Defendant's sentence from life plus 30 years to life plus 10 years in its prior order on Defendant's first motion for compassionate release.[30] Furthermore, though Defendant is a zero-point offender, he is not eligible for relief under Amendment 821 pursuant to U.S.S.G § 4C1.1 because he received a sentencing enhancement under U.S.S.G. § 3B1.1(a) as a leader and organizer of the drug trafficking organization.[31]

**5. Conviction and Sentence Run Afoul of Supreme Court Precedent**

Defendant argues that his sentence runs afoul of four Supreme Court decisions: *Apprendi*,[32] *Blakely*,[33] *Alleyne*,[34] and *Erlinger*.[35] But challenges to the constitutionality or legality of a sentence are not properly brought in a motion for compassionate release; they must be brought under 28 U.S.C. § 2255. As the Tenth Circuit explained in *United States v. Wesley*,[36] "[w]hen a federal prisoner asserts a claim that, if true, would mean 'that the sentence was

---

[29] *Id.* § 2D1.1(c)(1).

[30] Doc. 794.

[31] *See United States v. White*. 765 F.3d 1240, 1242 (10th Cir. 2014) (explaining that district courts lack jurisdiction to reduce sentence when sentence was not based on a sentencing range that has been subsequently lowered).

[32] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[33] *Blakely v. Washington*, 542 U.S. 296 (2004).

[34] *Alleyne v. United States*, 570 U.S. 99 (2013).

[35] *Erlinger v. United States*, 602 U.S. 821 (2024).

[36] 60 F.4th 1277, 1288 (10th Cir. 2023).

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,'… the prisoner is bringing a claim governed by § 2255. He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement."[37]

**6. Family Circumstances**

Defendant also argues that he must be released to care for his father who is incapacitated and in need of constant medical care. Section 1B1.13(b)(3)(C) of the Guidelines provides that extraordinary and compelling reasons exist where the parent of a defendant is incapacitated and "the defendant would be the only available caregiver for the parent." Defendant fails to demonstrate that he is the only caregiver available, as he has siblings who are possible caregivers.[38] And Defendant does not describe with particularity his father's significant health issues and incapacitation.

**7. Sentence is Unjust and Unfair**

Finally, Defendant lists numerous reasons why his life sentence is both unjust and unfair: (1) it was based on facts that were neither charged in the indictment nor submitted to a jury; (2) it was enhanced based on methamphetamine quantity and purity that was neither charged in the indictment nor submitted to a jury; (3) the $2,100 special assessment is a monetary penalty not authorized by Congress; (4) the Court calculated his sentence before he allocuted; (5) he should have received the benefit of Amendments 782, 814, and 821; (6) this Court lacked subject matter

---

[37] *Id.*

[38] Doc. 388 at 40 ¶130.

jurisdiction; (7) the Government violated his rights under the Speedy Trial Act; and (8) his sentences on the 924(c) convictions were "stacked."

Sub-grounds (1), (2), (3), (4), (6), and (7) all involve matters concerning whether Defendant's sentence ran afoul of the Constitution or was in excess of that authorized by law. Such challenges must be brought under 28 U.S.C. § 2255, not in a compassionate release motion.[39] Sub-ground (5) fails because Defendant was sentenced after the November 1, 2014 effective date of Amendment 782. Defendant is not eligible for relief under Amendments 814 and 821 as discussed throughout this opinion. And Sub-ground (8) fails because Defendant was already accorded relief in the Court's order partially granting his first motion for compassionate release.[40]

**III. Section 3553 factors**

The Court finds that none of Defendant's offered reasons, singularly or in combination are extraordinary and compelling reasons for relief. But even if the Court found an extraordinary and compelling reason for relief in this case, the Court finds that the § 3553 factors weigh heavily against reducing Defendant's sentence. Defendant has served just eleven years of a sentence of life plus 10 years. The nature and seriousness of his offenses weigh heavily against Defendant and justify this lengthy sentence.

Defendant led an extensive, large-scale drug organization that trafficked cocaine, heroin, and at least 86 kilograms of ice methamphetamine imported from Mexico. The organization also had two large marijuana grow operations, staffed by undocumented immigrants imported by Defendant from Mexico. The nine codefendants and many more unindicted coconspirators

---

[39] *United States v. Wesley*, 60 F.4th at 1288.

[40] Doc. 794.

worked for Defendant, including his young stepson. Defendant was far more culpable than his codefendants; he was convicted of 21 of the 31 counts in the Superseding Indictment. His guideline sentence of life is conservatively based on 86 kilograms of ice methamphetamine, when the guideline is for 4.5 kilograms or more; and the cocaine, marijuana, and heroin were not included in the drug calculations. Defendant used or carried a firearm on at least two occasions in furtherance of his drug trafficking. A life sentence in this case is one that provides just punishment, promotes respect for the law, reflects the seriousness of the offense, deters crime, and protects the public.

## IV. Conclusion

The Court denies Defendant's motion for compassionate release, finding no extraordinary and compelling reason for relief among the myriads of arguments raised by Defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Requesting a Reduction of Sentence Pursuant to § 3582(c)(1)(A) (Doc. 798) is **denied**.

**IT IS SO ORDERED.**

Dated: May 27, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE